■      THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD WEYANT, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered February 20, 1973, convicting him of possession of a dangerous drug in the sixth degree (a class A misdemeanor), upon his plea of guilty, and imposing sentence. Case remanded to the County Court for a hearing and determination on the issue of whether a promise was made by the Assistant District Attorney to defendant prior to changing his plea to guilty; and appeal held in abeyance in the interim. Appellant contends both that the sentence was excessive and that the court should have allowed him to withdraw his guilty plea. At the sentencing, the District Attorney made comments about appellant prior to the imposition of the sentence, whereupon appellant's attorney objected, claimed that the Assistant District Attorney had promised, in connection with defendant's pleading guilty, that no comments would be made at the sentencing and moved to withdraw the guilty plea. The court stated that it had made no promises and the Assistant District Attorney denied having made any. Thereupon, the court denied the application to withdraw the plea. In our opinion, when the issue of a broken promise is raised immediately after it is allegedly broken, a defendant is entitled to a hearing on the matter (cf. *People* v. *Barner,* 39 A D 2d 985). If it is determined at the hearing that a promise was in fact made and broken, the trial court must either allow appellant to withdraw his guilty plea or permit another judge to impose sentence under the conditions as promised (*Santobello* v. *New York,* 404 U. S. 257). Hopkins, Acting P. J., Munder, Martuscello, Shapiro, and Brennan, JJ., concur.

■      DAVID D. SIEGEL, Respondent, v. SANAR PROPERTIES LTD. et al., Appellants.— Appeal by defendants from an order of the Supreme Court, Kings County, dated January 17, 1973, which denied their motion to vacate a judgment entered December 10, 1971 upon consent and a stipulation agreed to in open court. Order reversed, without costs, and motion granted and judgment vacated on condition that defendants tender at the office of plaintiff's attorney, within 10 days after entry of the order to be made hereon, all sums due under the stipulation. On the facts of this case it was an improvident exercise of discretion to hold defendants in default for their failure, by one day, to make the payment required by the terms of the stipulation. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.